United States District Court
Southern District of Texas
**ENTERED**
December 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PATRICK DIXON, § | |
|     Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-246 |
| § | |
| LORIE DAVIS, § | |
|     Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Patrick Dixon is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID) and currently is incarcerated at the Wayne Scott Unit in Angleton, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on May 27, 2016.[1] Petitioner claims that his constitutional rights were violated during two proceedings held in Nueces County, Texas. Respondent filed a motion for summary judgment on September 15, 2016 to which Petitioner responded on October 11, 2016 (D.E. 19, 28). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed as time-barred. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Nueces County, which is located

---

[1] Petitioner stated under penalty of perjury on two petitions that he placed them in the prison mail system on May 27, 2016 and they are considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases. The two petitions were consolidated into this action on July 15, 2016.

in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On August 5, 2013 Petitioner was arrested following an incident in which he shot a man and later the same evening wrecked a car into a fence.  By two separate indictments, he was charged with aggravated assault, being a felon in possession of a firearm, and also with possession of a controlled substance (phencyclidine).  Both charges were enhanced by Petitioner's twice having been convicted of a prior felony.  *Ex Parte Dixon*, WR-83,805-01 at pp. 79-80, 85-86 (D.E. 20-8 at pp. 6-7, 12-13); *Ex Parte Dixon*, WR-83,805-02 at pp. 44-45, 60-61 (D.E. 20-12 at pp. 47-48, 63-64).

Petitioner pleaded "not guilty" to the controlled substance charge and was tried by a jury in Case No. 13-CR-2850-C in Nueces County, Texas.  The jury found him guilty and assessed a forty-year term of imprisonment.  Judgment was entered on August 15, 2014.  *Ex Parte Dixon*, WR-83,805-02 at pp. 46-47 (D.E. 20-12 at pp. 49-50).

Petitioner pleaded guilty to the aggravated assault charge on September 22, 2014 and was assessed a forty-year sentence to run concurrently with the sentence for aggravated assault in Case No. 14-CR-1880-C in Nueces County, Texas.  On September 26, 2014 the court noted that the state dismissed the unlawful possession of a firearm felony from the indictment.  *Ex Parte Dixon*, WR-83,805-02 at pp. 49-50 (D.E. 20-12 at pp. 52-53).  As a condition of Petitioner's plea agreement, he withdrew the appeal he had filed in the possession of a controlled substance case.  *Id.* at 51-52 (D.E. 20-12 at pp. 54-55).  The Thirteenth Court of Appeals dismissed the appeal on October 16, 2014.  *Dixon*

*v. State*, No. 13-14-00493-CR (Tex. App. -- Corpus Christi Oct. 16, 2014)(located herein at D.E. 20-12 at pp. 57-58).

Petitioner did not file a direct appeal in the aggravated assault case. On June 1, 2015 he filed an application for habeas corpus relief in state court.[2] *Ex Parte Dixon*, WR-83,805-01 at pp. 2-19 (D.E. 20-7 at pp. 5-22). The trial court entered findings of fact and conclusions of law on August 19, 2015 and the Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court without a hearing on October 21, 2015. *Id.* at pp. 77-78 and "Action Taken" page (D.E. 20-8 at pp. 4-5; D.E. 20-5).

Petitioner filed a state habeas action challenging the drug possession conviction on August 19, 2015.[3] *Ex Parte Dixon*, WR-83,805-02 at pp. 2-19 (D.E. 20-12 at pp. 5-22). The trial court entered findings of fact and conclusions of law on November 5, 2015 and the Texas Court of Criminal Appeals denied the application without written order on the

---

[2] Petitioner signed the application on June 1, 2015 and it was file-stamped on June 24, 2015. *Ex Parte Dixon*, WR-83,805-01 at pp. 1, 18 (D.E. 20-7 at pp. 5, 21). The accompanying memorandum of law was received in the Thirteenth Court of Appeals on June 5, 2015. *Id.* at pp. 21 (D.E. 20-7 at p. 24). Although it is unclear, it appears that Petitioner sent his state habeas petition to the Thirteenth Court of Appeals and it was transferred to the state district court. In any event, Respondent does not dispute that the state writ application was filed on June 1, 2015 (Mot. for Sum. Jmt., D.E. 19 at p. 11).

[3] Petitioner signed the application on August 8, 2015 and he signed the accompanying memorandum on August 16, 2015. The application and memorandum were file-stamped by the Nueces County Court on September 17, 2015. Although the "mailbox rule" applies to state habeas application, *Richards v. Thaler*, 710 F.3d 573, 578-579 (5th Cir. 2013), Petitioner did not swear under penalty of perjury that he placed his application in the prison mail system on a particular date. Respondent provided a copy of the prison mail log indicating that Petitioner sent mail to the Nueces County District Clerk on August 19, 2015 and that is considered the filing date. *See id.* (post-conviction writ deemed filed on date prisoner turned application over to prison authorities for filing.)

findings of the trial court without a hearing on February 3, 2016. *Id.* at 58-59 and "Action Taken" page (D.E. 20-12 at pp. 61-62; D.E. 20-10).

Petitioner filed two federal habeas actions challenging the two convictions on May 27, 2016. The two actions were consolidated into this single action on July 5, 2016 (D.E. 10). Petitioner made the following allegations in each petition:

(1) He received ineffective assistance of counsel when his attorney
(a) failed to object to an altered police report;
(b) acted with the prosecution to conceal exculpatory evidence;
(c) failed to issue subpoenas to potential witnesses;
(d) failed to cross-examine the alleged victim;
(e) failed to request a hearing on Petitioner's *pro se* motions; and
(f) failed to file a motion for acquittal;

(2) The State violated Petitioner's rights under the Fifth and Fourteenth Amendments when it
(a) tampered with and fabricated evidence;
(b) coerced, intimidated and deceived witnesses, including the alleged victim; and
(c) knowingly or unknowingly used false testimony; and

(3) The State failed to return an indictment against Petitioner within 180 days.

In her motion for summary judgment, Respondent argues that Petitioner's application for habeas relief should be dismissed because it is time-barred. Respondent concedes that Petitioner's causes of action as currently pled are exhausted and not subject to the successive petition bar.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that petitioner's application for habeas corpus relief was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death

Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In the possession of a controlled substance case, the Thirteenth Court of Appeals dismissed Petitioner's direct appeal on October 16, 2014. His conviction became final thirty days later, or on November 17, 2014, which was the expiration of the period for filing a petition for discretionary review.[4] Tex. R. App. P. 68.2. He had one year from that date, or until November 17, 2015, to file his federal petition. He did not file it until May 27, 2016, approximately six months too late.

---

[4] November 15, 2014 fell on a Saturday.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). Petitioner's state habeas application challenging the possession of a controlled substance conviction was pending from August 19, 2015 until February 3, 2016, a period of 169 days. Adding 169 days to November 17, 2015 extended the deadline to May 4, 2016. Because Petitioner did not file his federal petition until May 27, 2016, he still filed it more than three weeks too late.

Regarding the aggravated assault case, Petitioner's conviction became final on November 21, 2014, which was the expiration of the thirty-day period for filing an appeal. Tex. R. App. P. 26.2. He had one year from that date, or until November 23, 2015, to file his federal habeas petition.[5] His state habeas action was pending from June 1, 2015 until October 21, 2015, a period of 143 days. Adding 143 days to the November 23, 2015 deadline extended it to April 14, 2016. Because Petitioner did not file his federal petition until May 27, 2016, he filed it more than six weeks too late.

**B. Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because while he was incarcerated in 2013 and 2014 he lost all of his legal documents and had to file his state habeas applications based on his memory of events. He sought copies of the documents from his attorney but never received them. Once he was

---

[5] November 21, 2015 fell on a Saturday.

transferred into TDCJ-CID custody he was moved several times, which did not leave him enough time to secure the documents he needed to file his federal habeas claim. Petitioner also argues that because he was indigent he could not afford to mail documents and that when he did have funds in his inmate account he was restricted from making commissary purchases.

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." C*oleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas

petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner has not shown that he was diligent in pursuing his rights. He waited seven months and nine months respectively to file his state habeas petitions. After they were denied, he waited several more months before filing his federal habeas petitions. Nor has Petitioner shown that some extraordinary circumstance stood in the way of his filing his petition. Being moved between units is common for inmate litigants and even if Petitioner did not have all of his legal materials, he could have filed a petition seeking habeas relief and explaining the lack of supporting documentation.

Petitioner also asserts that he was indigent or unable to go to the commissary to buy supplies needed to mail his legal documents. However, according to the Offender Orientation Handbook, prisoners with less than $5 in their trust fund may request correspondence supplies from the mail room or law library and the rules for obtaining postage are posted on each unit. An indigent offender may use indigent postage to send five one-ounce items per week to legal correspondents. An offender may send extra letters using indigent postage if requested for a legitimate reason and approved by the warden. TEXAS DEPARTMENT OF CRIMINAL JUSTICE OFFENDER ORIENTATION HANDBOOK, pp. 56-57, 115-116 (April 2016). Petitioner has not claimed that a request for postage or writing supplies was denied.

Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations. Accordingly, his application for habeas relief should be dismissed as time-barred.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are time-barred. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 19) be granted. Petitioner's application for habeas corpus relief should be dismissed with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 21st day of December, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).