Case 2:16-cv-00246   Document 40   Filed on 03/28/17 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PATRICK DIXON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:16-CV-246 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# ORDER

Patrick Dixon is a Texas state prisoner, whose habeas claims under 28 U.S.C. §§ 2241 and 2254 were filed with the Court on May 27, 2016. Dkt. No. 1. The Court now has before it the Government's motion for summary judgment, which contends Dixon's claims are time-barred, Dkt. No. 19; Dixon's response, Dkt. No. 28; the Memorandum and Recommendation ("M&R") of the magistrate judge to whom this case was referred pursuant to § 636(b) addressing summary judgment, Dkt. No. 32; Dixon's objections to this M&R, Dkt. Nos. 37 and 38; the Government's objections to the M&R, Dkt. No. 34; and the M&R of the magistrate judge addressing multiple motions filed by Dixon (Dkt. Nos. 14, 16, 17, 18, 21 and 22), Dkt. No. 31, to which Dixon did not respond. The magistrate judge recommends that the Court grant the Government's motion for summary judgment, dismiss Dixon's habeas petition as time-barred and deny a Certificate of Appealability, and deny Dixon's miscellaneous motions.

## I. Background

The M&R addressing summary judgment describes the procedural background of this case in some detail. *See* Dkt. No. 32. Most relevant here are the events relating to the timeliness of Dixon's filing of his federal habeas petition. Dixon's petition relates to his conviction on two separate charges, for possession of a controlled substance and aggravated assault. *Id.* at 2. Dixon pleaded "not guilty" to the controlled substance charge but was found guilty by a jury, and pleaded guilty

to the aggravated assault charge. *Id.* He was sentenced on the assault charge (enhanced by two prior felonies) on September 22, 2014, and did not file a direct appeal. *Id.* at 2-3. His conviction for assault therefore became final for the purposes of the one-year limitation period on the filing of federal habeas petitions established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) thirty days later, on October 22, 2014. 28 U.S.C. § 2244; Tex. R. App. P. 26.2. Dixon did directly appeal his possession conviction, but it was dismissed on October 16, 2014, after he asked it to be withdrawn as part of his plea agreement on the assault charge. Dkt. No. 32 at 5. His conviction for possession therefore became final under AEDPA thirty days later, on November 17, 2014.[1] *Id.* Dixon filed a state habeas petition challenging his assault conviction on June 1, 2015, which was denied without a hearing on October 21, 2015—meaning this action was pending for 143 days. Dkt. No. 32 at 6. He filed a state habeas petition challenging his possession conviction on August 19, 2015, which was denied without a hearing on February 3, 2016—meaning it was pending for 169 days. *Id.* Finally, Dixon, proceeding pro se, filed his petition pursuant to §§ 2241 and 2254 before this Court on May 27, 2016. Dkt. No. 1. Subsequent to filing his petition, Dixon also filed a number of motions requesting entry of default and for default judgment, as well as sanctions for contempt, against the Government. *See* Dkt Nos. 14, 16, 17, 18, 21, and 22.

## II. The Government's Motion for Summary Judgment

The AEDPA one-year limitations period is not jurisdictional, and is subject to equitable tolling at the discretion of the district court. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). Because the doctrine is discretionary, the application of equitable tolling "turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) ("Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.") Accordingly, "equitable tolling does not lend itself to bright-line rules." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In general, to show

---

[1] November 15, 2014 fell on a Saturday.

entitlement to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 632. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Still, the diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Further, while "[o]nly 'extraordinary' cases justify the invocation of equitable tolling… the statute of limitations must not be applied too harshly' because 'dismissing a first § 2255 motion or habeas petition is a particularly serious matter.'" *Manning v. Epps*, 688 F.3d 177, 183-84 (5th Cir. 2012).

The Government filed its motion for summary judgment seeking dismissal of Dixon's instant petition on September 15, 2016, on the basis that it is time-barred under AEDPA. Dkt. No. 19. Dixon responded to this motion on October 11, 2016, arguing that he is entitled to equitable tolling of his AEDPA deadline. Dkt. No. 28. The magistrate judge issued an M&R responding to these pleadings on December 21, 2016. Dkt. No. 32. The Government filed an objection to a technical finding of the M&R addressing summary judgment on December 30, 2016, Dkt. No. 34, and Dixon filed his objections to the M&R on January 13, 2017, Dkt. Nos. 37 and 38. The Court reviews objected-to portions of a magistrate judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")

Here, Dixon objects to the M&R addressing summary judgment on the grounds that AEDPA's statute of limitations should be equitably tolled in his case because: (i) "he has shown due diligence by requesting his records," Dkt. No. 37 at 4, and (ii) during the applicable period "he was in transit between various institutions and did not have access to legal documents" or the law library, and had "all his property took and lost by officers," which constituted extraordinary circumstances, Dkt. No. 37 at 1,5. The Government's objections only seek to correct a technical error in the M&R, but its motion for summary judgment responds substantively to the equitable tolling issue at bar. Specifically, the Government claims that: (i)

"Dixon has failed to show that he diligently pursued [his rights] as he waited over nine months and seven months from his judgments and sentences to pursue his state habeas remedies, and another three months and seven months after the denials of his state applications to file his federal petitions," Dkt. No. 19 at 14, and (ii) "[n]othing in the record suggests the state misled Dixon or that he encountered any other extraordinary circumstance that prevented him from timely filing his federal habeas petition," *id.*

The Court notes that, according to the dates his convictions became final, Dixon missed his AEDPA deadline to file his instant petition by approximately two and one-half months in the case of his aggravated assault conviction, and three weeks in the case of his possession conviction.[2] The Court agrees with the M&R addressing summary judgment that in Dixon's case, these delays are not excusable under AEDPA's allowance for equitable tolling under § 2244. The Court has discretion to equitably toll AEDPA deadlines only in "rare and exceptional" circumstances not present here. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2002). "Equitable tolling applies principally where the plaintiff is actively mislead by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Typical roadblocks confronted by prisoners proceeding *pro se*, like those Dixon describes in his response to the Government's motion and his objections to the M&R, do not constitute "rare and exceptional" circumstances. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

For the foregoing reasons, and after independently reviewing the record and considering the applicable law, the Court **GRANTS** the Government's motion for summary judgment, Dkt. No. 19, and **DISMISSES** Dixon's petition, Dkt. No. 1 as time-barred. As reasonable jurists would not debate that Dixon's claims are time-barred, the Court further **DENIES** Dixon a Certificate of Appealability.

---

[2] Dixon's assault conviction became final on October 22, 2014, and his one-year statute of limitations under AEDPA was tolled for 143 days while his state habeas case was pending. His federal habeas challenge to this assault conviction was therefore due on or before March 12, 2016. His possession conviction became final on November 17, 2014, and his one-year statute of limitations under AEDPA was tolled for 169 days while his state habeas case was pending. His federal habeas challenge to this possession conviction was therefore due on or before May 4, 2016.

### III. Dixon's Miscellaneous Motions

With respect to the motions Dixon has filed seeking, among other relief, default judgment and contempt findings against the Government, the Court finds no reason to disturb the reasoning or analysis in the M&R addressing these motions, Dkt. No. 31. As the M&R notes, generally the entry of default in habeas corpus proceedings is inappropriate, while in any event the Government is not in default in this action. *See* Dkt. No. 31. Neither are sanctions appropriate here. *Id.* Finally, neither the Government nor Dixon objected to the findings of the M&R addressing Dixon's motions.

Accordingly, after independently reviewing the record and considering the applicable law, the Court adopts the entirety of the magistrate judge's proposed findings and recommendations as to Dixon's motions, Dkt. No. 31, and **DENIES** Dixon's motions for entry of default and default judgment (Dkt. Nos. 14, 16, 18, and 22), his motion for establishing harm, Dkt. No. 17, and his motion to hold the Government in contempt, Dkt. No. 21.

### IV. Conclusion

For the foregoing reasons, the Court:

- **DENIES** the following motions: Dkt. Nos. 14, 16, 17, 18, 21, and 22;
- **GRANTS** the Government's motion for summary judgment, Dkt. No. 19;
- **DISMISSES** Dixon's petition, Dkt. No. 1 as time-barred; and
- **DENIES** Dixon a Certificate of Appealability.

The Court further **DIRECTS** the Clerk to close this case after entering the accompanying judgment.

It is so ORDERED.

SIGNED this 28th day of March, 2017.

Hilda Tagle
Senior United States District Judge